# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUAN PABLO GOMEZ-SANDOVAL,

    Defendant.

Case No. 2:11-cr-00109-LDG

**ORDER**

The defendant, Juan Pablo Gomez-Sandoval, submitted a document captioned "Defendants [sic] Motion to Vacate Plea Pursuant to pc1016.5." (Doc. #49). Though the defendant was sentenced in May 2012, the document was filed as a pre-sentencing motion to vacate plea, and the Court's CM/ECF system automatically generated a "response due." The United States, acting in an abundance of caution, submitted a response, but noted that the document is more appropriately construed as a 28 U.S.C. §2255 motion. As a §2255 motion, this Court would ordinarily review the motion to first determine whether the files and records conclusively showed that the defendant was not entitled to relief before ordering the government to respond.

A review of the files and records of this case do conclusively show that the defendant is not entitled to relief, for the same reasons noted by the government in its response.

The defendant pled guilty and was sentenced in federal court in the District of Nevada. Accordingly, California Penal Code §1016.5 (upon which the defendant relies) provides no relief for the defendant.

Construing the motion as seeking relief pursuant to 28 U.S.C. §2255 is equally unavailing to the defendant. The Court sentenced the defendant in May 2012, entered the judgement of conviction on June 1, 2012. The defendant did not appeal his sentence. He filed the present motion at the end of September 2013, more than a year after his judgment of conviction became final. His motion does not describe, assert, or allege any subsequent impediment created by governmental action that prevented him from making his motion. Neither does the defendant's motion rest upon a right subsequently and newly recognized by the Supreme Court. Nor does the defendant rest his claim for relief upon facts subsequently discovered through the exercise of due diligence. In sum, the motion is not timely brought, but is barred by §2255(f).

Finally, a review of the record before the Court affirmatively negates defendant's central allegation that he was unaware of the immigration consequences of his plea. In his plea agreement, the defendant expressly acknowledged that it was "highly probable" that he would be deported, and that it was "highly unlikely" that he would be eligible for relief from deportation.

Accordingly, as a review of the record conclusively establishes that the defendant is not entitled to any relief,

1  THE COURT **ORDERS** that Defendant's Motion to Vacate Plea Pursuant to
2  pc1016.5 (#49) is DENIED.
3
4  DATED this 31 day of December, 2013.
5
6  _____
   Lloyd D. George
7  United States District Judge